**UNITED STATES DISTRICT COURT**

**DISTRICT OF MINNESOTA**

| | |
|---|---|
| Aldene Morrison, as Trustee for the Heirs and Next-of-Kin of Anthony May, Jr., deceased<br><br>Plaintiff,<br><br>vs.<br><br>Beltrami County (Minnesota), Sheriff Phil H. Hodapp, individually, and in his capacity as Beltrami County Sheriff, and CO Andrew Richards, CO Saul Garza, CO Adam Olson, and CO Katherine O'Bryan, individually and in their capacities as Beltrami County Jail Correctional Officers,<br><br>Defendants. | Case No.: 19-cv-1107<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL** |

The above captioned Plaintiff for his causes of action against the above-named Defendants, states and alleges as follows:

**INTRODUCTION**

1. Plaintiff brings this action pursuant to 42 U.S.C. § 1983 for Defendant's violation of Anthony May, Jr.'s federal constitutional rights guaranteed by the Eight and Fourteenth Amendments to the Constitution of the United States, while acting under the color of state law.

**JURISDICTION & VENUE**

2. This action arises under the United States Constitution, particularly under the provisions of the Eight and Fourteenth Amendments, and under federal law, particularly 42 U.S.C. § 1983 of the Civil Rights Act.

3. This Court has jurisdiction over this case pursuant to 28 U.S.C. § 1331, which gives this Court original jurisdiction over civil actions arising under the federal laws and federal

constitution, and pursuant to 28 U.S.C. § 1343(a)(3)-(4), which gives this Court original jurisdiction over civil actions to redress the deprivation under color of state law, statute, ordinance, regulation, custom or usage of any federal constitutional right or any right secured by federal statutes including 42 U.S.C. § 1983.

4. Venue is proper in the District of Minnesota, as the acts and transactions complained of herein all occurred within the district.

## PARTIES

5. Anthony May, Jr. deceased, died at the Beltrami Jail on or about August 11, 2016.

6. Plaintiff Aldene Morrison is the mother of decedent Anthony May, Jr. and is the Trustee for the Heirs and Next-of-Kin of Anthony May, Jr. having been appointed on May 3, 2018 by the district court of Beltrami County, Minnesota. A copy of the Order appointing Plaintiff Aldene Morrison is attached hereto as Exhibit A.

7. Defendant Beltrami County, Minnesota ("Beltrami County") is, and at all relevant times was, a political entity charged with the control and supervision of all law enforcement personnel, jail personnel and contractors in the Beltrami County Jail, including Defendants CO Andrew Richards, CO Saul Garza, CO Adam Olson, and CO Katherine O'Bryan.

8. Upon information and belief, Defendant Sheriff Phil H. Hodapp is, and at all relevant times was, a duly appointed and acting Sheriff of Beltrami County Jail and, as such, in charge of the Beltrami County Jail. As such, Defendant Hodapp was a duly appointed agent authorized to enforce the law and was acting under the color of the law at all times herein material. All causes of action brought against Defendant Hodapp are brought both individually and in his official capacity as correctional officers.

9. Upon information and belief, Defendant CO Andrew Richards is, and at all

relevant times was, a duly appointed and acting Correctional Officer at the Beltrami County Jail. As such, Defendant Richards was a duly appointed agent authorized to enforce the law and was acting under the color of the law at all times herein material. All causes of action brought against Defendant Richards are brought both individually and in his official capacity as correctional officers.  On information and belief, CO Richards performed wellbeing checks on decedent Anthony May, Jr. on the evening of August 10, 2016 and morning of August 11, 2016.

10. Upon information and belief, Defendant CO Saul Garza is, and at all relevant times was, a duly appointed and acting Correctional Officer at the Beltrami County Jail.  As such, Defendant Garza was a duly appointed agent authorized to enforce the law and was acting under the color of the law at all times herein material. All causes of action brought against Defendant Garza are brought both individually and in his official capacity as correctional officers. On information and belief, CO Garza performed wellbeing checks on decedent Anthony May, Jr. on the evening of August 10, 2016 and morning of August 11, 2016.

11. Upon information and belief, Defendant CO Adam Olson is, and at all relevant times was, a duly appointed and acting Correctional Officer at the Beltrami County Jail.  As such, Defendant Olson was a duly appointed agent authorized to enforce the law and was acting under the color of the law at all times herein material. All causes of action brought against Defendant Olson are brought both individually and in his official capacity as correctional officers.  On information and belief, CO Olson performed wellbeing checks on decedent Anthony May, Jr. on the evening of August 10, 2016 and morning of August 11, 2016.

12. Upon information and belief, Defendant CO Katherine O'Bryan is, and at all relevant times was, a duly appointed and acting Correctional Officer at the Beltrami County Jail. As such, Defendant O'Bryan was a duly appointed agent authorized to enforce the law and was

acting under the color of the law at all times herein material. All causes of action brought against Defendant O'Bryan are brought both individually and in her official capacity as correctional officers. On information and belief, CO O'Bryan performed wellbeing checks on decedent Anthony May, Jr. on the evening of August 10, 2016 and morning of August 11, 2016.

## FACTUAL BACKGROUND

13. Decedent Anthony May, J. died of sudden cardiac arrest at the Beltrami Jail on August 11, 2016. At the time, jail policy section 2911.5000, Subpart 5 provided that:

> A facility shall have a system providing for well-being checks of inmates. A written policy and procedure shall provide that all inmates are personally observed by a custody staff person at least once every 30 minutes." Thirty-minute checks should be staggered. If a well-being check does not occur due to an emergency, it must be documented in the jail log and have supervisory review and approval. More frequent observation is required for those inmates of a special need classification who may be harmful to themselves.

14. The investigation of Mr. May's death by the Department of Corrections ("DOC") concluded that, in addition to checks being beyond the 30-minute timeline in violation of the rule, the rule was violated because the "pace of well-being checks [were] too fast."

15. In a letter dated January 24, 2017, Mr. Greg Croucher, Senior Detention facility Inspector for the DOC informed Defendant Sheriff Hodapp that "the pace of many of these checks was observed to be very quick. It would be difficult for staff members to [sic] movement, rise and fall of the chest or other signs of life conducting checks at such a quick pace."

16. In addition, because Mr. May had fallen and gone to the hospital for a ribcage injury just days before, he should have been checked even more frequently.

17. The quick pace of these checks made the checks fundamentally useless making them a substantial contributing factor to the death of Mr. May as his condition could not be recognized by jail staff and addressed in a timely manner so as to provide him with the medical

assistance necessary to save his life.

18. Performing these well-being checks at a pace that defeated their purpose and prevented the jail staff from discovering Mr. May's medical condition evidences a deliberate indifference to his safety. The very purpose of the checks is to prevent the risk of medical and other emergencies from harming an inmate. Performing them so as to defeat this purpose evidences indifference to that risk.

19. As a result of the jail's deliberate indifference, Mr. May died 7 days shy of this 27th birthday. In addition to his parents, three brother and two sisters, he was survived by four minor children.

**COUNT I**
**DENIAL OF DUE PROCESS RIGHT TO ADEQUATE MEDICAL CARE**
**(As to all Defendants except Beltrami County and Sheriff Hodapp)**

20. Plaintiff hereby realleges and incorporates by reference the allegations complained of above as if set forth specifically herein.

21. While incarcerated in Defendant's custody, Anthony May, Jr. had a constitutional right under the substantive due process clause of the Eight and Fourteenth Amendments to the United States Constitution to have his basic human needs met, including receiving adequate medical care. Deliberate indifference to an inmate's serious medical needs constitutes a violation of Mr. May's Eight and Fourteenth Amendment rights.

22. Mr. May's constitutional right to receive adequate medical care under the Eight and Fourteenth Amendments was clearly established.

23. Defendant's behavior far surpassed "mere negligence." Defendants willfully denied Mr. May adequate medical care and were deliberately indifferent to

Mr. May's medical needs. Mr. May had objectively serious medical needs and defendants were required to perform regular and effective wellbeing checks to protect his health and safety. Defendant knew of and disregarded a substantial risk of serious harm to Mr. May's health and safety. Defendant's acts and/or omissions in response to Mr. May's medical needs were so grossly incompetent and inadequate as to shock the conscience.

24.  As a direct and proximate result of Defendant's acts and/or omissions, as described herein, Defendants, while acting under color of state law, deprived Mr. May of his federal constitutional right to receive adequate medical care in violation of the Eight and Fourteenth Amendment and 42 U.S.C. § 1983.

25.  As a direct and proximate result of Defendant's acts and/or omissions, as described herein, decedent's heirs and next of kin have incurred funeral and burial costs, as well as other damages in connection with Mr. May's death, including but not limited to, loss of the advice, comfort, assistance, companionship, protection, counsel, guidance, aid, and future relationships and other contributions Anthony May, Jr. would have provided to them had he lived, or as otherwise available to them under 42 U.S.C. § 1983, all to their damage in a sum to be proved at trial, but presently estimated to be well in excess of Seventy Five thousand dollars.

**COUNT II**
**DENIAL OF DUE PROCESS RIGHT TO LIFE**
**(As to all Defendants except Beltrami County and Sheriff Hodapp)**

26.  Plaintiff hereby realleges and incorporates by reference the allegations complained of above as if set forth specifically herein.

27. Anthony May, Jr. had a right under the Eight Amendment of the United States Constitution and under the substantive due process clause of the Fourteenth Amendment to the United States Constitution not to be deprived of his life without due process of law. While incarcerated in Defendant's custody, Mr. May was unable to care for himself, and because of this special relationship, Defendants had an affirmative duty to protect Mr. May from life-threatening medical conditions and defendants were required to perform regular and effective wellbeing checks to protect his health and safety. Defendant's acts and/or omissions in response to Mr. May's serious medical needs were so egregious and outrageous that Defendant's behavior can be fairly said to shock the conscience.

28. Anthony May, Jr.'s constitutional right not to be deprived of his life under the Eight and Fourteenth Amendments was clearly established.

29. As a direct and proximate result of Defendant's acts and/or omissions, as described herein, Defendants, while acting under color of state law, deprived Mr. May of his federal constitutional right to life, in violation of the Eight and Fourteenth Amendments and 42 U.S.C. § 1983.

30. As a direct and proximate result of Defendant's acts and/or omissions, as described herein, decedent's heirs and next of kin have incurred funeral and burial costs, as well as other damages in connection with Mr. May's death, including but not limited to, loss of the advice, comfort, assistance, companionship, protection, counsel, guidance, aid, and future relationships and other contributions Anthony May, Jr. would have provided to them had he lived, or as otherwise available to them under 42 U.S.C.

§ 1983, all to their damage in a sum to be proved at trial, but presently estimated to be well in excess of Seventy Five thousand dollars.

## COUNT III
## DENIAL OF DUE PROCESS RIGHT TO ADEQUATE MEDICAL CARE
### (As to Defendant Beltrami County)

31.     Plaintiff hereby realleges and incorporates by reference the allegations complained of above as if set forth specifically herein.

32.     While incarcerated in Defendant Beltrami County's custody, Anthony May, Jr. had a constitutional right under the substantive due process clause of the Eight and Fourteenth Amendments to the United States Constitution to have his basic human needs met, including receiving adequate medical care.  Deliberate indifference to an inmate's serious medical needs constitutes a violation of Mr. May's Eight and Fourteenth Amendment rights.

33.     On information and belief, Beltrami County has had an on-going and systematic failure to properly provide adequate medical care and attention to inmates by, *inter alia*, failing to provide proper wellbeing checks in that the wellbeing checks were not within the 30-minute timeline in violation of jail policy section 2911.5000, Subpart 5, and to quote Mr. Greg Croucher, Senior Detention facility Inspector for the DOC, "the pace of many of these checks was observed to be very quick. It would be difficult for staff members to [sic] movement, rise and fall of the chest or other signs of life conducting checks at such a quick pace."

34.     Beltrami's practice of failing to provide proper wellbeing checks was systematic and a *defacto* policy and procedure of Beltrami County.

35. Defendant Beltrami County's behavior far surpassed "mere negligence." Defendant Beltrami County's *defacto* policy of on-going and systematic failure to provide adequate medical care and attention to inmates by failing to provide adequate wellbeing checks constituted a willful denial of adequate medical care to Mr. May, Defendant Beltrami County was deliberately indifferent to Mr. May's medical needs. Defendant Beltrami County knew of and disregarded a substantial risk of serious harm to Mr. May's health and safety. Defendant Beltrami County's acts and/or omissions in response to Mr. May's medical needs were so grossly incompetent and inadequate as to shock the conscience.

36. As a direct and proximate result of Defendant Beltrami County's acts and/or omissions, as described herein, Defendant Beltrami County, while acting under color of state law, deprived Mr. May of her federal constitutional right to receive adequate medical care in violation of the Eight and Fourteenth Amendment and 42 U.S.C. § 1983.

37. As a direct and proximate result of Defendant Beltrami County's acts and/or omissions, as described herein, decedent's heirs and next of kin have incurred funeral and burial costs, as well as other damages in connection with Mr. May's death, including but not limited to, loss of the advice, comfort, assistance, companionship, protection, counsel, guidance, aid, and future relationships and other contributions Anthony May, Jr. would have provided to them had he lived, or as otherwise available to them under 42 U.S.C. § 1983, all to their damage in a sum to be proved at trial, but presently estimated to be well in excess of Seventy Five thousand dollars.

## COUNT IV
## DENIAL OF DUE PROCESS RIGHT TO LIFE
### (As to Defendant Beltrami County)

38. Plaintiff hereby realleges and incorporates by reference the allegations complained of above as if set forth specifically herein.

39. Anthony May, Jr. had a right under the Eight Amendment of the United States Constitution and under the substantive due process clause of the Fourteenth Amendment to the United States Constitution not to be deprived of her life without due process of law. While incarcerated in Defendant's custody, Mr. May was unable to care for himself, and because of this special relationship, Defendants had an affirmative duty to protect Mr. May from life-threatening medical conditions. Defendant's acts and/or omissions in response to Mr. May's serious medical needs were so egregious and outrageous that Defendant's behavior can be fairly said to shock the conscience.

40. On information and belief, Beltrami County has had an on-going and systematic failure to properly provide adequate medical care and attention to inmates by, inter alia, failing to provide proper wellbeing checks in that the wellbeing checks were not within the 30-minute timeline in violation of jail policy section 2911.5000, Subpart 5, and to quote Mr. Greg Croucher, Senior Detention facility Inspector for the DOC, "the pace of many of these checks was observed to be very quick. It would be difficult for staff members to [sic] movement, rise and fall of the chest or other signs of life conducting checks at such a quick pace."

41. Beltrami's practice of failing to provide proper wellbeing checks was systematic and a *defacto* policy and procedure of Beltrami County.

42.   Defendant Beltrami County's behavior far surpassed "mere negligence." Defendant Beltrami County's *defacto* policy of on-going and systematic failure to provide adequate medical care and attention to inmates by failing to provide adequate wellbeing checks constituted a willful denial of adequate medical care to Mr. May, Defendant Beltrami County was deliberately indifferent to Mr. May's medical needs. Defendant Beltrami County knew of and disregarded a substantial risk of serious harm to Mr. May's health and safety. Defendant Beltrami County's acts and/or omissions in response to Mr. May's medical needs were so grossly incompetent and inadequate as to shock the conscience.

43.   As a direct and proximate result of Defendant Beltrami County's acts and/or omissions, as described herein, Defendant Beltrami County, while acting under color of state law, deprived Mr. May of his federal constitutional right to life, in violation of the Eight and Fourteenth Amendments and 42 U.S.C. § 1983.

44.   As a direct and proximate result of Defendant Beltrami County's acts and/or omissions, as described herein, decedent's heirs and next of kin have incurred funeral and burial costs, as well as other damages in connection with Mr. May's death, including but not limited to, loss of the advice, comfort, assistance, companionship, protection, counsel, guidance, aid, and future relationships and other contributions Anthony May, Jr. would have provided to them had he lived, or as otherwise available to them under 42 U.S.C. § 1983, all to their damage in a sum to be proved at trial, but presently estimated to be well in excess of Seventy Five thousand dollars.

## COUNT V
## FAILURE TO TRAIN
### (As to Defendants Beltrami County and Sheriff Hodapp)

45. Plaintiff hereby realleges and incorporate by reference the allegations complained of above as if set forth specifically herein.

46. Anthony May, Jr.'s suffering and death was a direct result not only of the Defendant's acts and/or omissions in violation of the Eight and Fourteenth Amendments to the federal constitution and 42 U.S.C. § 1983 as described herein, but also of constitutional violations caused by failure of Defendant Sheriff Phil H. Hodapp to properly train the Beltrami County jail staff, including, Defendants CO Richards, CO Garza, CO Olson and CO O'Bryan on how to adequately conduct proper and effective wellbeing checks that complied with jail policy section 2911.5000, Subpart 5. The failure to train its employees by Beltrami County in these ways amounted to deliberate indifference to Mr. May's constitutional rights.

47. Further, on information and belief, Beltrami County has had an on-going and systematic failure to properly train its correctional officers and jail staff such that it had a *defacto* policy and procedure of not properly training its jail staff in how to adequately conduct proper and effective wellbeing checks that complied with jail policy section 2911.5000, Subpart 5.

48. As a direct and proximate result of the failure of Defendants Beltrami County and Hodapp to properly train its jail staff, as described herein, Defendants Beltrami County and Hodapp, while acting under color of state law, deprived Mr. May of his federal constitutional right to receive adequate medical care in violation of the

Eight and Fourteenth Amendments and 42 U.S.C. § 1983 and his federal constitutional right to not be deprived of life, in violation of the Eight and Fourteenth Amendment and 42 U.S.C. § 1988.

49.     As a direct and proximate result of Defendants Beltrami County and Hodapp's acts and/or omissions, as described herein, decedent's heirs and next of kin have incurred funeral and burial costs, as well as other damages in connection with Mr. May's death, including but not limited to, loss of the advice, comfort, assistance, companionship, protection, counsel, guidance, aid, and future relationships and other contributions Anthony May, Jr. would have provided to them had he lived, or as otherwise available to them under 42 U.S.C. § 1983, all to their damage in a sum to be proved at trial, but presently estimated to be well in excess of Seventy Five thousand dollars.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against the Defendants, and each of them, jointly and severally, as follows:

A.      Finding that Defendants, and each of them, committed acts and omissions that constituted violations of the Eight and/or Fourteenth Amendment to the United States Constitution, actionable under 42 U.S.C. §1983;

B.      Awarding judgment in favor of Plaintiff against the Defendants, and each of them, jointly and severally in an amount to be determined at trial as and for compensatory damages;

C.      Awarding Plaintiff all applicable pre-judgment and post-judgment interest;

D.      Awarding Plaintiff his attorney's fees and costs pursuant to 42 U.S.C. § 1988 and/or their contingency fee agreement; and

E.  Awarding such other and further relief as the Court may deem just and equitable.

## JURY DEMAND

**A TRIAL BY JURY ON ALL ISSUES SO TRIABLE IS HEREBY REQUESTED**.

DATED:  April 24, 2019                              **BENNEROTTE & ASSOCIATES, P.A.**

By:    *s/ Vincent J. Moccio*
      Vincent J. Moccio (MN# 184640)

3085 Justice Way, Suite 200
Eagan, MN 55121
651-842-9257
vincent@bennerotte.com

**ATTORNEYS FOR PLAINTIFF**