UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| Aldene Morrison, as Trustee for the Heirs and Next-of-Kin of Tony May, Jr., deceased<br><br>      Plaintiff,<br><br>vs.<br><br>Beltrami County (Minnesota), Sheriff Phil H. Hodapp, individually, and in his capacity as Beltrami County Sheriff, and CO Andrew Richards, CO Saul Garza, CO Adam Olson, and CO Katherine O'Bryan, individually and in their capacities as Beltrami County Jail Correctional Officers,<br><br>      Defendants. | Case No.:  19-cv-1107<br><br><br>**PLAINTIFF'S STATEMENT FO THE CASE** |

Pursuant to the Court's Pretrial Notice and Order, Plaintiff submits this Statement of the Case.

This case arises from Tony May, Jr.'s cardiac death while detained at the Beltrami County Jail on August 11, 2016. On July 6, 2016, Tony May was booked into the Beltrami County Jail . At the time, jail policy section 2911.5000, Subpart 5 provided that:

> A facility shall have a system providing for well-being checks of inmates. A written policy and procedure shall provide that all inmates are personally observed by a custody staff person at least once every 30 minutes." Thirty-minute checks should be staggered. If a well-being check does not occur due to an emergency, it must be documented in the jail log and have supervisory review and approval. More frequent observation is required for those inmates of a special need classification who may be harmful to themselves.

The investigation of Mr. May's death by the Department of Corrections ("DOC") concluded that, in addition to checks being beyond the 30-minute timeline in violation of the rule, the rule was violated because the "pace of well-being checks [were] too fast."  In a letter

dated January 24, 2017, Mr. Greg Croucher, Senior Detention facility Inspector for the DOC informed Defendant Sheriff Hodapp that "the pace of many of these checks was observed to be very quick. It would be difficult for staff members to [sic] movement, rise and fall of the chest or other signs of life conducting checks at such a quick pace." In addition, because Mr. May had fallen and gone to the hospital for a ribcage injury just days before, he should have been checked even more frequently.

The quick pace of these checks made the checks fundamentally useless making them a substantial contributing factor to the death of Mr. May as his condition could not be recognized by jail staff and addressed in a timely manner so as to provide him with the medical assistance necessary to save his life. Performing these well-being checks at a pace that defeated their purpose and prevented the jail staff from discovering Mr. May's medical condition evidences a deliberate indifference to his safety.  The very purpose of the checks is to prevent the risk of medical and other emergencies from harming an inmate.  Performing them so as to defeat this purpose evidences indifference to that risk.   As a result of the jail's deliberate indifference, Mr. May died 7 days shy of this 27th birthday.  In addition to his parents, three brother and two sisters, he was survived by four minor children.

DATED:  September 5, 2019	**BENNEROTTE & ASSOCIATES, P.A.**

By:    s/ Vincent J. Moccio_____
          Vincent J. Moccio (MN# 184640)

3085 Justice Way, Suite 200
Eagan, MN 55121
651-842-9257
vincent@ bennerotte.com

**ATTORNEYS FOR PLAINTIFF**