UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| ALDENE MORRISON, *as Trustee for Heirs and Next-of-Kin of Anthony May, Jr., deceased,*<br><br>Plaintiff,<br><br>v.<br><br>BELTRAMI COUNTY; SHERIFF ERNIE BEITEL, *individually and in his capacity as Beltrami County Sheriff*; and ANDREW RICHARDS, SAUL GARZA, ADAM OLSON, and KATHERINE O'BRYAN, *individually and in their capacities as Beltrami County Jail Correctional Officers,*<br><br>Defendants. | Civil No. 19-1107 (JRT/LIB)<br><br><br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR ENTRY OF FINAL JUDGMENT** |

---

Vincent J. Moccio, **BENNEROTTE & ASSOCIATES, P.A.,** 3085 Justice Way, Suite 200, Eagan, MN 55121, for plaintiff.

Stephanie A. Angolkar and Jason M. Hiveley, **IVERSON REUVERS**, 9321 Ensign Avenue South, Bloomington, MN 55438, for defendants.

Plaintiff Aldene Morrison filed this action against Defendants in connection with the death of her son Anthony May, Jr. from sudden cardiac arrest while he was in pretrial detention at the Beltrami County Jail. Defendants filed two motions for summary judgment. The Court granted in part and denied in part the motions and dismissed all claims against the individual correctional officers on duty the night May died. Morrison filed a Motion for Entry of Final Judgment on Counts I, II, VI, and VII of the Second

Amended Complaint pursuant to Federal Rule of Civil Procedure 54(b) so that she may immediately appeal dismissal of those counts to the Eighth Circuit.  Because Morrison has not shown that the equities of this case warrant entry of judgment, the Court will deny the Motion.

## BACKGROUND

May died of sudden cardiac arrest while in pretrial detention at the Beltrami County Jail.  (*See* 2nd Decl. of Calandra Allen, Ex. 19, Sept. 28, 2021, Docket No. 81.)  His mother, Morrison, brought several claims against four correctional officers who were on duty the night and morning of May's death, Beltrami County, and the Beltrami County Sheriff.[1]  Three Counts—Counts I, II, and VI—were against the individual correctional officers.  (2nd Am. Compl. at 6–8, 14–15, Mar. 28, 2021, Docket No. 58.)[2]  Two Counts—Counts III and IV—were against Beltrami County.  (*Id.* at 9–12.)  And two of Counts—Counts V and VII—were against both Beltrami County and the Beltrami County Sheriff.  (*Id.* at 13–17.)

On June 2, 2021, the Court granted in part and denied in part Defendants' first motion for summary judgment and dismissed Counts I through IV of Morrison's Second

---

[1] When May died, Phil Hodapp was serving as Beltrami County Sheriff and Morrison named him as a defendant in this action.  On August 4, 2022, following notification from Defendants, the Court substituted Sheriff Ernie Beitel for Sheriff Hodapp under Federal Rule of Civil Procedure 25(d) because Beitel is now the Beltrami County Sheriff.  (Order Substituting Party, Aug. 4, 2022, Docket No. 101.)

[2] Because of errors in the Second Amended Complaint's paragraph numbering, the Court uses page numbers instead of paragraph numbers for citations to it.

Amended Complaint. *Morrison v. Beltrami Cnty.*, No. 19-1107, 2021 WL 2228093, at *8 (D. Minn. June 2, 2021). On July 5, 2022, the Court granted in part and denied in part Defendants' second motion for summary judgment and dismissed Counts VI and VII of the Second Amended Complaint. *Morrison v. Beltrami Cnty.*, No. 19-1107, 2022 WL 2442363, at *10 (D. Minn. July 5, 2022). The sole remaining claim is Count V, alleging a Failure to Train as to Beltrami County and the Beltrami County Sheriff. No claims remain against the correctional officer defendants.

After the Court issued its July 2022 order, Morrison moved to enter final judgment on Counts I, II, VI, and VII under Federal Rule of Civil Procedure 54(b) so that she could immediately appeal the Court's dismissal of these counts.

## DISCUSSION

In cases involving multiple claims or multiple parties, Federal Rule of Civil Procedure 54(b) allows district courts to "direct entry of a final judgment as to one or more, but fewer than all, claims or parties" in the case. One reason to seek entry is so that parties may immediately appeal the resolution of those claims rather than waiting until the district court resolves the entire case. *See* 28 U.S.C. § 1291 ("The courts of appeals . . . shall have jurisdiction of appeals from **all final decisions** of the district courts[.]" (emphasis added)). Entry of judgment, however, is appropriate "only if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b).

Rule 54(b) orders are an exception and should not be issued routinely. *See Interstate Power Co. v. Kansas City Power & Light Co.*, 992 F.2d 804, 807 (8th Cir. 1993).

"[I]t is only the special case that warrants an immediate appeal from a partial resolution of the lawsuit." *Id.* (quotation omitted). "In determining that there is no just reason for delay, the district court must consider both the equities of the situation and judicial administrative interests, particularly the interest in preventing piecemeal appeals." *McAdams v. McCord*, 533 F.3d 924, 928 (8th Cir. 2008) (quoting *Interstate Power Co.*, 992 F.2d at 807). The Court grants Rule 54(b) motions only if doing so would alleviate "some danger of hardship or injustice." *Id.*

The equities of this situation and judicial administrative interests do not weigh in favor of granting this Motion. Morrison argues entering judgment would allow her to immediately appeal the Court's grant of summary judgment as to the dismissed counts which could prevent the need for a second trial based on similar evidence and requiring many witnesses to appear a second time if the dismissed counts are restored after an appeal. The danger of a second similar trial, however, is not sufficient to enter final judgment. If it were, entry of final judgment pursuant to Rule 54(b) would be commonplace, which would contradict the Eighth Circuit's unambiguous directive that "Rule 54(b) certifications 'should neither be granted routinely nor as an accommodation to counsel.'" *Huggins v. FedEx Ground Package Sys., Inc.*, 566 F.3d 771, 774 (8th Cir. 2009) (quoting *Guerrero v. J.W. Hutton, Inc.*, 458 F.3d 830, 833 (8th Cir. 2006) (reversing district court's entry of final judgment under Rule 54(b) where the reasons for certification—"to avoid the potential for multiple trials and inconsistent jury verdicts involving the same

-4-

incident—failed to distinguish the party's case from any civil action where some, but not all, of the defendants are dismissed before trial" (cleaned up)).  Multiple trials are necessarily possible in any case involving multiple parties and multiple claims where some of the claims are resolved before trial.  Indeed, even if the Court were to grant the Motion, the possibility of multiple trials remains as Counts III and IV could also be reinstated if Morrison chose to appeal dismissal of them after trial on Count V.

"[S]imilarity of legal or factual issues will weigh heavily against entry of judgment under [Rule 54(b)]."  *Hayden v. McDonald*, 719 F.2d 266, 270 (8th Cir. 1983) (quotation omitted) (second alteration in original).  As Morrison acknowledges, the underlying evidence for all seven counts "is fundamentally the same." (Pl.'s Mem. Supp. Mot. at 7, July 16, 2022, Docket No. 95.)  Judicial economy is typically "best preserved by delaying appeal until all issues can be confronted by [the appellate] court in a unified package," especially when "the adjudicated and pending claims are closely related and stem from essentially the same factual allegations." *McAdams*, 533 F.33d at 928 (quoting *Hayden v. McDonald*, 719 F.2d 266, 270 (8th Cir. 1983)).  In addition to the similar factual issues, there are similar legal issues between the claims Morrison seeks entry of judgment for and those she does not.  For example, Counts III and IV allege violation of the same legal rights as Counts I and II.  An early appeal could result in piecemeal appeals that would burden the Eighth Circuit and require it to familiarize itself with the facts and legal issues

of the case on multiple occasions. At best, Morrison is substituting one judicial interest for another: the possibility of two trials for the high probability of two sets of appeals.

There is even less reason to enter judgement as to Count VII. Count VII was alleged against Beltrami County and the Beltrami County Sheriff against whom Count V remains. Entering judgment on Count VII would force them to defend against an appeal at the Eighth Circuit and then return to this Court to defend against Count V, even if the Eighth Circuit affirms, before facing the possibility of yet another appeal after trial. This would be inefficient for both the remaining defendants and the Eighth Circuit.

Finally, Morrison has not demonstrated that she risks suffering hardship or injustice—other than the hardship of two trials—that could be alleviated by an immediate appeal if the Court does not enter judgment.

Because the equities of the situation and the interests of judicial administration do not weigh in favor of finding that there is no just reason for delay, the Court will deny Morrison's Motion for Entry of Judgment at this time.

## ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Plaintiff's Motion for Entry of Final Judgment [Docket No. 93] is **DENIED**.

DATED: October 4, 2022
at Minneapolis, Minnesota.

                                                 JOHN R. TUNHEIM
                                            United States District Judge