UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| Aldene Morrison, as Trustee for the Heirs and Next-of-Kin of Tony May, Jr., deceased<br><br>Plaintiff,<br><br>vs.<br><br>Beltrami County (Minnesota) and Sheriff Phil H. Hodapp, individually, and in his capacity as Beltrami County Sheriff,<br><br>Defendants. | Case No.: 19-cv-1107 (JRT/LIB)<br><br>**PLAINTIFF'S STATEMENT OF THE CASE** |

**I.     FACTS PLAINTIFF INTENDS TO PROVE**

At issue in this trial is whether Beltrami County and Sheriff Hodapp violated decedent's constitutional right to protection from generalized harm by failing to properly train its correctional officers on how to do an adequate wellbeing check. (*See* this Court's Orders herein dated June 2, 2021 (Dckt. 64) at 18-21 and July 5, 2022 (Dckt 92) at page 18-21.)  All of Plaintiff's other claims have previously been dismissed by this Court.

In ruling on Defendants' two summary judgment motions, this Court has established that:

1. Inmates have a constitutional right to adequate medical care;

2. Inmates have a constitutional right to protection form general harms;

and

3. The County may be liable for failure to train its employees where:

   a. The County's training practices are inadequate;

   b. The County was deliberately indifferent to the rights of others in adopting those practices; and

   c. The deficiency in training caused the injury.

(Order dated 7/5/2022 (Dckt. 92) at 18; *see also* Order dated 6/2/2021 (Dckt. 64) at pages 18-21.)

The primary evidence of inadequacy of the training practices and deliberate disregard that Plaintiff will present in support of this claim is recited in Plaintiff's Memorandum in Response to Defendant's Motion for Summary Judgment (Dckt. 35) at pages 4 to 14, and consists of the testimony of Officers Garza, O'Bryan, Richards, Olson, and Sheriff Hodap, the review of the videotape and opinions of DOC inspector Croucher, the expert testimony of Paul Capitelli and possibly the testimony of Assistant Jail Administrator Calandra Allen.

Evidence of causation will be presented through the expert testimony of Alexander Chernobelsky. (See discussion in Plaintiff's Memorandum in Opposition to Defendant's (Second) Motion for Summary Judgment (Dckt. 84) at pages 3 – 7.)

Evidence of wrongful death damages will be presented by Plaintiff

Morrison and other family members.

Plaintiff need not show that decedent had a serious medical need to establish that his Constitutional rights were violated in this case. This Court has found that the failure to train claim may be based on a violation of his right to be protected from harm. Further, the *Fowler* elements for a claim against the County does not include that plaintiff must establish that the County had notice of a pattern of unconstitutional acts by its employees. *Parrish v. Ball*, 594 F.3d 993, 998 (8th Cir. 2010) involved a claim against the Sheriff.

## II.     UNRESOLVED ISSUES

Plaintiff is unaware of any unresolved procedural or evidentiary issues. Counsel will confer with Defense counsel to reach as many stipulations as possible.

## III.    ESTIMATED TRIAL LENGTH

Plaintiff estimates total trial length should be no more than 4 days.

Dated:  January 2, 2023

**BENNEROTTE & ASSOCIATES, P.A.**

By: *s/ Vincent J. Moccio*
    Vincent J. Moccio (MN# 184640)

3085 Justice Way, Suite 200
Eagan, MN 55121
651-842-9257
vincent@ bennerotte.com

*Attorneys For Plaintiff*